IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VIRGIL SMITH, Individually and as Legal Guardian of Adam Smith,<br><br>        Plaintiff,<br><br>vs.<br><br>PHOENIX SEATING SYSTEMS, LLC, d/b/a Lebac Systems, and APRIA HEALTHCARE GROUP, INC.,<br><br>        Defendants. | CIVIL NO. 09-568-GPM |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

      The Court, on its own motion, has reviewed the complaint in the present case to determine whether it has subject matter jurisdiction. Under Federal Rule of Civil Procedure 12(h)(3), this Court is obligated to review its own jurisdiction *sua sponte*. *See Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) ("the court has an independent duty to satisfy itself that it has subject-matter jurisdiction"); *see also Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989). In light of Seventh Circuit Court of Appeals opinions, *see, e.g., Smith v. American Gen'l Life and Accident Ins. Co.*, 337 F.3d 888 (7th Cir. 2003); *Tylka v. Gerber Prods. Co.*, 211 F.3d 445 (7th Cir. 2000); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (7th Cir. 1992) (per curiam), this Court has undertaken a more rigorous initial review of complaints to ensure that jurisdiction has been properly pleaded.

      Plaintiff brings this action under 28 U.S.C. § 1332 for personal injuries allegedly sustained

by his son as a result of negligence and a defective and unreasonably dangerous condition of a wheelchair armrest. Plaintiff properly alleges his own citizenship; the citizenship of his incompetent son, *see* 28 U.S.C. § 1332(c)(2); and the corporate citizenship of Defendant Apria Healthcare Group, Inc., *see* 28 U.S.C. § 1332(c)(1). However, Plaintiff has failed to properly allege the citizenship of the limited liability company, Phoenix Seating Systems, LLC. *See Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) (limited liability companies are citizens of every state of which any member is a citizen). Without knowing the identity of the member(s) of Phoenix Seating Systems, LLC, and its/their citizenship, the Court cannot determine whether diversity of citizenship jurisdiction exists. Notably, allegations based upon information and belief are insufficient to establish subject matter jurisdiction. *America's Best Inns*, 980 F.2d at 1074.

"[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992). Accordingly, pursuant to 28 U.S.C. § 1653, Plaintiff is **ORDERED** to file an Amendment to the Complaint **on or before August 28, 2009**, to establish the citizenship of Phoenix Seating Systems, LLC.[1] If Plaintiff fails to file an Amendment to the Complaint in the manner and time prescribed or if, after reviewing it, the Court finds that Plaintiff cannot establish federal subject matter jurisdiction, the Court will dismiss the action for lack of jurisdiction. *See Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (remanding case because "[l]itigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not

---

[1] The Court finds Plaintiff's allegations sufficient to establish the amount in controversy requirement.

demonstrate that jurisdiction is present, the appropriate response is clear"); *see also Belleville Catering Co.*, 350 F.3d at 692 ("Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money.").

**IT IS SO ORDERED.**

DATED: 08/14/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge