IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VIRGIL SMITH, Individually and as Legal Guardian of Adam Smith, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )   CIVIL NO. 09-568-GPM<br>) |
| PHOENIX SEATING SYSTEMS, LLC, d/b/a Lebac Systems, and APRIA HEALTHCARE GROUP, INC., | )<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

      Plaintiff filed this action under the Court's diversity jurisdiction for personal injuries allegedly sustained by his son, Adam, after prolonged exposure to a toxic chemical combination used in Adam's wheelchair armrest. Plaintiff asserts a strict liability claim against Defendant Phoenix Seating Systems, LLC, d/b/a Lebac Systems (Phoenix), as the designer and manufacturer of the defective armrest. Plaintiff asserts a negligence claim against Defendant Apria Healthcare Group, Inc. (Apria), for its part in purchasing the defective product from Phoenix and selling it to Plaintiff.

      Both Defendants filed motions for judgment on the pleadings under 735 ILCS 5/2-621, known as the "seller's exception" to products liability. Under this section, a non-manufacturer defendant may move for dismissal of the product liability action upon certification of the manufacturer. In this case, Defendants have certified inconsistent manufacturers. Apria's Vice

President, Raoul Smyth, filed an affidavit certifying that Falcon Rehabilitation Products manufactured the relevant wheelchair armrest and stating that Falcon Rehabilitation Products is somehow related to Phoenix.[1]  By contrast, an employee of Phoenix, Joshua Barnum, certifies that the armrest was manufactured by Velo Enterprise Co., Ltd., in Taiwan.  Apria also argues that Plaintiff has failed to allege any duty it owed and, consequently, has failed to state a claim upon which relief can be granted.

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the complaint and answer have been filed by the parties.  *See* FED. R. CIV. P. 12(c); *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).  The Court must address two procedural deficiencies before considering the merits of the motions.  First, Phoenix did not answer before filing its Rule 12(c) motion.  Apparently realizing its mistake, it seeks leave to do so out of time.  That request is granted as specified below.  Second, a dismissal under the seller's exception does not render judgment for a dismissed party.  By its terms, the statute provides for a dismissal without prejudice.  *See, e.g.,* 735 ILCS 5/2-621(b)(1)-(5) (listing scenarios where the plaintiff "may at any time subsequent to the dismissal move to vacate the order of dismissal and reinstate the certifying defendant or defendants").  The Court still must consider whether dismissal – without prejudice – is appropriate under the statute.  At bottom, because the standard applied to motions for judgment on the pleadings under Rule 12(c) is the same standard applicable to motions to dismiss for failure to state a claim under Rule 12(b)(6), the resulting analysis will be the same.  *See Buchanan-Moore*, 570 F.3d at 827, *citing Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007).

---

[1] Both of these statements are prefaced by the phrase "on information and belief." Because Apria's seller's exception argument fails for other reasons, the Court need not decide whether a statement made on information and belief qualifies as a certification under the statute.

The United States Supreme Court has addressed federal pleading requirements in recent years, *see generally Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Erickson v. Pardus*, 551 U.S. 89 (2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), leading the Seventh Circuit Court of Appeals to issue additional guidance to the district courts.

> Our system operates on a notice pleading standard; *Twombly* and its progeny do not change this fact. *Cf. Smith v. Duffey*, 576 F.3d 336, 339-40 (7th Cirl 2009) (noting courts' over reliance on *Twombly*). A defendant is owed "fair notice of what the … claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). Under *Conley*, just as under *Twombly*, it is not enough to give a threadbare recitation of the elements of a claim without factual support.

*Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009). A complaint must contain enough facts to state a claim to relief that is "plausible on its face" – the now familiar phrase originally used in *Twombly* – and "also must state sufficient facts to raise a plaintiff's right to relief above the speculative level." *Bissessur*, 581 F.3d at 602-03. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "This said, in examining the facts and matching them up with the stated legal claims, we give 'the plaintiff the benefit of imagination, so long as the hypotheses are consistent with the complaint.'" *Bissessur*, 581 F.3d at 602-03. The Court of Appeals, in an opinion by Circuit Judge Wood, summarized this analysis as follows:

> So what do we take away from *Twombly*, *Erickson*, and *Iqbal*? First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). One month later, Circuit Judge Posner explained: "'[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009), *quoting Iqbal*, 129 S. Ct. at 1950.

Applying this standard, Apria's motion (Doc. 13) is **DENIED**. Aside from the factual dispute regarding the identity of the manufacturer, which calls into question Apria's certification, the claim against Apria is for *negligence* rather than strict product liability. *See Laroe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1041, 1047 (finding that negligence claims are outside the scope of 735 ILCS 5/2-621) (collecting cases). Thus, the statutory "seller's exception" to strict product liability claims is inapplicable.

As to Apria's claim that Plaintiff has failed to sufficiently allege a duty, the Court finds that Plaintiff's factual allegations are sufficient "to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555. In coining this phrase, the Supreme Court "was careful to note that this did not impose a probability requirement on plaintiffs: 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Brooks*, 578 F.3d at 581, *quoting Twombly*, 550 U.S. at 556. The facts alleged by Plaintiff allow this Court to draw "the reasonable inference" that Apria is liable for the misconduct alleged. *See Iqbal*, 129 S. Ct. At 1949. In other words, the negligence claim against Apria is "plausible" – i.e., Plaintiff has alleged "'enough facts to raise a reasonable expectation that discovery will reveal evidence' supporting" Plaintiff's claim that Apria was negligent. *Brooks*, 578 F.3d at 581, *quoting Twombly*, 550 U.S. at 556.

Phoenix has moved to withdraw its Rule 12(c) motion. The motion to withdraw (Doc. 37)

is **GRANTED**, and the motion for judgment on the pleadings filed by Phoenix (Doc. 25) is **WITHDRAWN**. Phoenix's motion for leave to file its answer out of time (Doc. 38) is **GRANTED**. Phoenix is granted up to and including February 10, 2010, to file its answer.

**IT IS SO ORDERED.**

DATED: 02/03/2010

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge