Attorney I.D. 6290970                    JPS/AAV                          HG-83648

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| VIRGIL SMITH, Individually, & <br> ADAM SMITH, through his legal guardian, <br> VIRGIL SMITH, <br><br> Plaintiffs, <br><br> vs. <br><br> PHOENIX SEATING SYSTEMS, LLC <br> d/b/a FALCON/LEBAC SYSTEMS, a <br> limited liability corporation, and <br> APRIA HEALTHCARE GROUP, INC., <br> a corporation, <br><br> Defendants. <br><br> and <br><br> PHOENIX SEATING SYSTEMS, LLC <br> d/b/a FALCON/LEBAC SYSTEMS, a <br> limited liability corporation, <br><br> Defendant/Third Party Plaintiff, <br><br> vs. <br><br> VELO ENTERPRISE CO., LTD. <br>    1012 Sec. 1 Chung Shan Road <br>    Tachia, Taichung Hsien, Taiwan <br>    P.O. Box 152 Tachia <br><br> Third Party Defendant, <br><br> and <br><br> RATTOX CORPORATION <br>    No. 19, Lane 3, Alley 227, Nung-An St. <br>    Taipei, Taiwan <br>    P.O. Box 68-367 <br><br> Third Party Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> Case No. 09-568-GPM |

## THIRD PARTY DEFENDANTS' AMENDED ANSWER TO PHOENIX SEATING SYSTEMS, LLC'S THIRD PARTY COMPLAINT

NOW COME the Third Party Defendants, VELO ENTERPRISE CO., LTD. ("VELO") and RATTOX CORPORATION ("RATTOX"), by and through their attorneys, SANCHEZ DANIELS & HOFFMAN LLP, and for their Amended Answer to the Third Party Complaint, state as follows:

1.  Third Party Defendants are without sufficient knowledge regarding the allegations of Paragraph 1 of the Third Party Complaint and neither admit nor deny same, but demand strict proof thereof.

2.  Third Party Defendants admit only to the existence of Defendant Phoenix Seating Systems, LLC's Answer regarding incorporation and principal places of business and states that said Answer speaks for itself, denying any remaining allegations and conclusions contained in Paragraph 2.

3.  Third Party Defendants admit only to the existence of Defendant Apria Healthcare Group, Inc.'s Answer regarding incorporation and principal places of business and states that said Answer speaks for itself, denying any remaining allegations and conclusions contained in Paragraph 3.

4.  Third Party Defendant Velo admits the allegations of Paragraph 4 of the Third Party Complaint.

5.  Third Party Defendant Rattox admits the allegations of Paragraph 5 of the Third Party Complaint.

6.  Third Party Defendants admit the existence of the Complaint referred to and further state that said allegations and conclusions of that Complaint speak for themselves,

denying any remaining allegations and conclusions contained in Paragraph 6.

## COUNT I

7.    Third Party Defendant repeats and re-alleges its answers to paragraphs 1-6 of the Third Party Complaint as and for its answer to paragraph 7.

8.    Third Party Defendant Velo admits the existence of the Complaint referred to and further states that said allegations and conclusions of that Complaint speak for themselves, denying any remaining allegations and conclusions contained in Paragraph 8.

9.    Third Party Defendant Velo denies the allegations of Paragraph 9.

10.    Third Party Defendant Velo admits the existence of the Answer referred to and further states that said Answer speaks for itself, denying any remaining allegations and conclusions contained in Paragraph 10.

11.    Third Party Defendant Velo denies the allegations of Paragraph 11.

12.    Third Party Defendant Velo admits only that it manufactured a gel armpad.

13.    Third Party Defendant Velo admits that it sold gel armpads to Rattox Corporation. Further answering, Velo is without sufficient knowledge regarding the remaining allegations of Paragraph 13 of the Third Party Complaint and neither admits nor denies same, but demands strict proof thereof.

14.    Third Party Defendant Velo denies each and every allegation in Paragraph 14 and each subpart thereof not specifically admitted herein.

15.    Third Party Defendant Velo denies the allegations of Paragraph 15.

16.    Third Party Defendant Velo denies the allegations of Paragraph 16.

WHEREFORE, Third Party Defendant Velo Enterprise Co., Ltd. denies that Third Party Plaintiff is entitled to a judgment against it for contribution in any amount whatsoever, and further prays that this court dismiss the Third Party Complaint with prejudice.

## **COUNT II**

Third Party Defendant Velo incorporates by reference its Motion to Dismiss Third Party Plaintiff's Indemnity Count.

## **COUNT III**

28. Third Party Defendant repeats and re-alleges its answers to paragraphs 1-27 of the Third Party Complaint as and for its answer to paragraph 28.

29. Third Party Defendant Rattox admits the existence of the Complaint referred to and further states that said allegations and conclusions of that Complaint speak for themselves, denying any remaining allegations and conclusions contained in Paragraph 29.

30. Third Party Defendant Rattox denies the allegations of Paragraph 30.

31. Third Party Defendant Rattox admits the existence of the Answer referred to and further states that said Answer speaks for itself, denying any remaining allegations and conclusions contained in Paragraph 31.

32. Third Party Defendant Rattox admits only that it purchased gel armpads from Velo. Further answering, Rattox is without sufficient knowledge regarding the remaining allegations of Paragraph 32 of the Third Party Complaint and neither admits nor denies same, but demands strict proof thereof.

33. Third Party Defendant Rattox denies each and every allegation in Paragraph 33 and each subpart thereof not specifically admitted herein.

34. Third Party Defendant Rattox denies the allegations of Paragraph 34.

35. Third Party Defendant Rattox denies the allegations of Paragraph 35.

WHEREFORE, Third Party Defendant Rattox Corporation denies that Third Party Plaintiff is entitled to a judgment against it for contribution in any amount whatsoever, and further prays that this court dismiss the Third Party Complaint with prejudice.

## COUNT IV

Third Party Defendant Rattox incorporates by reference its Motion to Dismiss Third Party Plaintiff's Indemnity Count.

## AFFIRMATIVE DEFENSES

1. In the event that Third Party Defendants are found liable, which liability is specifically denied, then the liability of Third Party Defendants is a direct result of the acts or omissions of Third Party Plaintiff. Third Party Defendants are entitled to contribution from Third Party Plaintiff pursuant to 740 ILCS 100, et seq.

2. The Third Party Complaint is barred by the applicable statute of limitations.

3. Plaintiff's alleged injuries, if any, were caused by their misuse and abuse of any products supplied by Third Party Defendants.

4. Plaintiff's contributory negligence is a complete or partial bar to the relief sought pursuant to 735 ILCS 5/2-1116.

5. Defendants deny any negligence and assert that Plaintiff's alleged injuries, if any, are the result of the actions of third parties over whom these defendants had no control, nor a right to control.

6. Plaintiff knowingly assumed the risk in using the product which Plaintiff claims caused the injuries.

7. Plaintiff was reasonably and adequately warned of all alleged risks and had actual, constructive or imputed knowledge thereof, and, therefore, is precluded from recovery.

8. Any injuries and damages suffered by Plaintiff were the sole and proximate result of Plaintiff's own carelessness, negligence or omissions.

           Respectfully submitted,

           **SANCHEZ DANIELS & HOFFMAN LLP**

           s/Joseph P. Sullivan
           Attorneys for Third Party Defendants,
           VELO ENTERPRISE CO., LTD. and
           RATTOX CORPORATION

Joseph P. Sullivan
April A. Vesely (ARDC:  6290970)
**SANCHEZ DANIELS & HOFFMAN LLP**
333 West Wacker Drive
Suite 500
Chicago, Illinois 60606
(312) 641-1555

Attorney I.D. 6290970  JPS/AAV  F:/HG/83648/Ple/Ans 08-18-10.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VIRGIL SMITH, Individually, & <br> ADAM SMITH, through his legal guardian, <br> VIRGIL SMITH, <br><br> Plaintiffs, <br><br> vs. <br><br> PHOENIX SEATING SYSTEMS, LLC <br> d/b/a FALCON/LEBAC SYSTEMS, a <br> limited liability corporation, and <br> APRIA HEALTHCARE GROUP, INC., <br> a corporation, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 09-568-GPM <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **CERTIFICATE OF SERVICE**

To:   **VIA ECF FILING**
       Attorneys of Record

I hereby certify that I electronically filed this Certificate of Service and Amended Answer and Affirmative Defenses to Phoenix Seating Systems, LLC's Third Party Complaint on behalf of Third Party Defendants, VELO ENTERPRISE CO., LTD. and RATTOX CORPORATION via the ECF System and that a true and correct copy will be served electronically to all attorney(s) of record at or before 5:00 p.m. on September 7, 2010 and that this statement as set forth is true and correct.

                                                                                s/Joseph P. Sullivan

Joseph P. Sullivan (ARDC: 6206202)
April A. Vesely (ARDC: 6290970)
**SANCHEZ DANIELS & HOFFMAN LLP**
Attorneys for Third Party Defendants
333 West Wacker Drive, Suite 500
Chicago, Illinois 60606
Telephone:   (312) 641-1555
Facsimile:    (312) 641-3004