Attorney I.D. 6290970               JPS/AAV                    F:/HG/83648/Discovery/Rule 26 09-27-10.doc

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VIRGIL SMITH, Individually, & <br> ADAM SMITH, through his legal guardian, <br> VIRGIL SMITH, <br> <br>    Plaintiffs, <br> <br>    vs. <br> <br> PHOENIX SEATING SYSTEMS, LLC <br> d/b/a FALCON/LEBAC SYSTEMS, a <br> limited liability corporation, and <br> APRIA HEALTHCARE GROUP, INC., <br> a corporation, <br> <br>    Defendants. <br> <br>    and <br> <br> PHOENIX SEATING SYSTEMS, LLC <br> d/b/a FALCON/LEBAC SYSTEMS, a <br> limited liability corporation, <br> <br>    Defendant/Third Party Plaintiff, <br> <br>    vs. <br> <br> VELO ENTERPRISE CO., LTD. <br>  1012 Sec. 1 Chung Shan Road <br>  Tachia, Taichung Hsien, Taiwan <br>  P.O. Box 152 Tachia <br> <br>    Third Party Defendant, <br> <br>    and <br> <br> RATTOX CORPORATION <br>  No. 19, Lane 3, Alley 227, Nung-An St. <br>  Taipei, Taiwan <br>  P.O. Box 68-367 <br> <br>    Third Party Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    Case No. 09-568-GPM <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**THIRD PARTY DEFENDANTS' INITIAL DISCLOSURE STATEMENT**

NOW COME the Third Party Defendants, VELO ENTERPRISE CO., LTD. ("VELO") and RATTOX CORPORATION ("RATTOX"), by and through their attorneys, SANCHEZ DANIELS & HOFFMAN LLP, and for its initial disclosure pursuant to Federal Rule of Civil Procedure 26(a), state as follows:

I.  **Rule 26(a)(1)(A) The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

>Representatives of Velo and Rattox, including Stella Yu and Tony Chou. At this time, Velo and Rattox have not determined if any other employees may be required to rebut issues raised by Plaintiff or Third-Party Plaintiff or by their experts, or to discuss the context or contents of relevant documents. When Plaintiff's or Third-Party Plaintiff's experts are identified and made available for deposition, or when documents are identified upon which the parties' experts will rely, additional witnesses may be named.

>Any witness necessary to authenticate documents.

>Any person identified in any deposition, answer to interrogatory, response to non-party production, request for production, or other document produced in this case.

>Any witness identified between now and the start of trial, including any witness identified in medical, employment, or tax records not yet produced.

>Any and all witnesses, including experts, who may be required as rebuttal witnesses based on the testimony of Plaintiff's or Third-Party Plaintiff's witnesses, including but not limited to all persons listed on any expert witness list.

>Any witness identified or disclosed by Plaintiff or Third-Party Plaintiff and not objected to by Third Party Defendants.

>Any other medical provider who rendered treatment to Plaintiff.

In accordance with Rule 26(a)(1), Velo and Rattox are making its initial disclosures based on information reasonably available to it at this time. Further discovery and developments in this case may dictate the need to identify additional individuals with relevant knowledge. In

accordance with Rule 26(a)(1), Velo and Rattox will supplement this disclosure if and when it identifies additional individuals with discoverable information that may be used to support its claims or defenses in this case.

**II.     Rule 26(a)(1)(B) A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

Velo and Rattox have attempted to identify all documents and other materials in its possession, custody, or control that it may use to support its claims and defenses in this case. Velo and Rattox reserve its right to object to the admission at trial of documents listed herein on grounds other than relevancy.

All documents disclosed by Plaintiff or Third-Party Plaintiff.

Curriculum vitae of any expert witnesses identified as trial witnesses when expert designations are due.

Notes, diagrams, photographs, and other materials used by those expert witnesses designated as trial experts.

The gel armpad at issue.

Production flow chart for the gel armpad. Counsel for Third Party Defendants are in possession of this document.

Test reports for the gel armpad. Counsel for Third Party Defendants are in possession of these documents.

MSDS for the raw materials used for production of the gel armpad. Counsel for Third Party Defendants are in possession of these documents.

Pursuant to Fed.R.Civ.P. 26(b)(5), Velo and Rattox object to the disclosure or production of documents and materials generated during the course of this litigation that constitute attorney work product or that contain privileged attorney-client communications. These documents and materials may consist of, among others, correspondence between counsel and Velo and Rattox,

correspondence between counsel and consulting experts, and counsel's notes concerning investigation or interviews with potential witnesses.

**III.   Rule 26(a)(1)(C) A computation of any category of damages claimed by the disclosing party.**

Velo and Rattox are claiming no damages.

**IV.   Rule 26(a)(1)(D) For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

South China Insurance Co., Ltd. provided a policy of insurance to Velo Enterprise Co., Ltd. under Policy No. 1400-992230022. A copy of the policy is in the possession of counsel for Velo.

    Respectfully submitted,

    **SANCHEZ DANIELS & HOFFMAN LLP**


    s/April A. Vesely
    Attorneys for Third Party Defendants,
    VELO ENTERPRISE CO., LTD. and
    RATTOX CORPORATION

Joseph P. Sullivan
April A. Vesely (ARDC: 6290970)
**SANCHEZ DANIELS & HOFFMAN LLP**
333 West Wacker Drive
Suite 500
Chicago, Illinois 60606
(312) 641-1555

Attorney I.D. 6290970      JPS/AAV           F:/HG/83648/Discovery/Rule 26 09-27-10.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VIRGIL SMITH, Individually, & <br> ADAM SMITH, through his legal guardian, <br> VIRGIL SMITH, <br><br> Plaintiffs, <br><br> vs. <br><br> PHOENIX SEATING SYSTEMS, LLC <br> d/b/a FALCON/LEBAC SYSTEMS, a <br> limited liability corporation, and <br> APRIA HEALTHCARE GROUP, INC., <br> a corporation, <br><br> Defendants. | Case No. 09-568-GPM |

**CERTIFICATE OF SERVICE**

To:   **VIA ECF FILING**
      Attorneys of Record

     I hereby certify that I electronically filed this Certificate of Service and Initial Disclosure Statement for Third Party Defendants, VELO ENTERPRISE CO., LTD. and RATTOX CORPORATION via the ECF System and that a true and correct copy will be served electronically to all attorney(s) of record at or before 5:00 p.m. on September 27, 2010 and that this statement as set forth is true and correct.

                                                                             s/April A. Vesely

April A. Vesely (ARDC: 6290970)
**SANCHEZ DANIELS & HOFFMAN LLP**
Attorneys for Third Party Defendants
333 West Wacker Drive, Suite 500
Chicago, Illinois 60606
Telephone:   (312) 641-1555
Facsimile:    (312) 641-3004